UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

NEREIDA TIRADO,
and other similarly situated individuals,

      Plaintiff,

v.

EPICENTRO CAFE, CORP.
LOS REYES DEL PROGRESO, INC,
d/b/a EPICENTRO CAFE,
ARMANDO VALDES,
and MARISEL VALDES,

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

     COMES NOW the Plaintiff NEREIDA TIRADO, by and through the undersigned counsel, and hereby sues Defendants EPICENTRO CAFE, CORP., LOS REYES DEL PROGRESO, INC, d/b/a EPICENTRO CAFE, and ARMANDO VALDES and MARISEL VALDES, individually, and alleges:

1. This is an action to recover money damages for unpaid minimum and overtime wages under the United States laws. Accordingly, this Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 201-219, § 216(b), the Fair Labor Standards Act, "the Act," (Section 216 for jurisdictional placement).

2. Plaintiff NEREIDA TIRADO is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Therefore, Plaintiff is a covered employee for purposes of the Act.

3. Defendants EPICENTRO CAFE, CORP., and LOS REYES DEL PROGRESO, INC, d/b/a EPICENTRO CAFE are Florida corporations that operate EPICENTRO CAFE within the jurisdiction of this Court.  At all times, the Defendants were and are engaged in interstate commerce. Defendants EPICENTRO CAFE, CORP., and LOS REYES DEL PROGRESO, INC, hereinafter will be called EPICENTRO CAFE, or Defendant collectively.  Defendant EPICENTRO CAFE is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. Individual Defendants ARMANDO VALDES and MARISEL VALDES are the owners/partners/officers and managers of Defendant Corporations EPICENTRO CAFE, CORP., and LOS REYES DEL PROGRESO, INC d/b/a EPICENTRO CAFE.  These Individual Defendants are the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

<u>FACTUAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum wages and overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after June 2018 (the "material time") without being compensated minimum overtime wages pursuant to the FLSA.

7. Defendant EPICENTRO CAFE is a Cuban café/restaurant opened 24 hours, 7 days a week. The business is located at 4197 East 4th Avenue, Hialeah, Florida 33013, where Plaintiff worked.

8. Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES employed Plaintiff NEREIDA TIRADO as a non-exempted, full-time, hourly waitress, from 2016, through approximately May 17, 2021, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

9. During the relevant time of employment, Plaintiff was a tipped waitress, and she worked two periods with two different payment methods.

10. Plaintiff always kept her position as a waitress.  Plaintiff worked weeks of 5 and 6 days, the same schedule.  Plaintiff worked from Monday to Sunday from 2:00 PM to 11:00 PM (9 hours daily). Plaintiff was not allowed to take bonafide lunch breaks.

11. While employed by Defendants, Plaintiff worked as follows:

12. 1.- First Period from approx. June 09, 2018, to approx. June 30, 2019, or 55 weeks.- Plaintiff worked every month, 2 weeks of 5 days and 2 weeks of 6 days.  When working 5 days per week, Plaintiff completed 45 hours weekly. Plaintiff was paid at the daily rate of $35.00, or $4.38 an hour x 40 hours = $175.00 weekly, plus tips.

13. When working 6 days per week, Plaintiff completed 54 hours weekly. Plaintiff was paid at the daily rate of $35.00, or $5.25 an hour x 40 hours = $210.00 weekly, plus tips.

14. Thus, in this period, Plaintiff was not paid for overtime hours at any rate, not even at the minimum wage rate for tipped employees.

15. Plaintiff was paid for just 40 hours weekly strictly in cash, without any paystub or record showing days and hours worked, job classification, employment taxes withheld, etc.

16. 2.- Second Period from approx. July 01, 2019, to approx. May 17, 2021, or 98 weeks.- In this period, Plaintiff worked 6 days per week, an average of 54 hours weekly. Plaintiff was paid weekly $273.22 with a check, plus $152.00 in cash, for a total of $425.22. This amount divided by 54 hours worked resulted in a regular rate of $7.88 an hour.

17. Plaintiff was a waitress, and she received customarily and regularly tips. However, the business owner, Armando Valdes, decided to keep the tips as the business' property and forced Plaintiff and other similarly situated individuals to hand over any tips received from customers. As a result, Defendants unlawfully collected and retained all the tips made by the tipped employees.

18. Defendants did not establish a valid tip pooling agreement and wrongfully retained Plaintiff's tips. Thus, Defendants are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage for this period.

19. Furthermore, Plaintiff worked an average of 54 hours weekly, but she was not paid for overtime hours, as required by law. Thus, in this period, Plaintiff was not paid minimum wages and overtime hours as required by law.

20. During her entire period of employment, Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her minimum wages and overtime hours adequately.

21. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

22. Plaintiff did not clock in and out, but the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

23. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

24. Plaintiff states that she was not in agreement with the lack of payment for overtime hours. Several times she complained and clearly expressed her big disappointment and frustration regarding the retention of tips and lack of payment for overtime hours.

25. As a result, Plaintiff was unfairly terminated on or about May 17, 2021. Manager Gladys Jaime mistreated and humiliated Plaintiff in front of customers.  Plaintiff states that Defendants used a pretext to terminate her, but that the real reason for Plaintiff's termination was her complaining about missing tips and overtime payment.  Additionally, Plaintiff alleges that Defendants used audio-video surveillance equipment to spy on the conversations of all their employees.

26. Plaintiff seeks to recover minimum wages, overtime hours, retaliatory damages, liquidated damages, as well as any other relief as allowable by law.

27. Plaintiff has retained the law offices of the undersigned attorney to represent her individually and on behalf of the asserted class in this action and is obligated to pay reasonable attorneys' fees and costs.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

28. Plaintiff NEREIDA TIRADO re-adopts every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. Defendant EPICENTRO CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

31. Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES employed Plaintiff NEREIDA TIRADO as a non-exempted, full-time, hourly waitress, from 2016, through approximately May 17, 2021, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

32. During the relevant time of employment, Plaintiff was a waitress, and she worked two periods with two different payment methods.

33. Plaintiff always kept her position as a waitress.  Plaintiff worked weeks of 5 and 6 days, but she always worked the same schedule.  Plaintiff worked from Monday to Sunday from 2:00 PM to 11:00 PM (9 hours daily). Plaintiff was not allowed to take bonafide lunch breaks.

34. While employed by Defendants, Plaintiff worked as follows:

35. 1.- First Period, from approx. June 09, 2018, to approx. June 30, 2019, or 55 weeks.- Plaintiff worked 27.5 weeks of 5 days with 45 working hours.  Plaintiff was paid $175.00 weekly plus tips.

36. Plaintiff also worked 27.5 weeks of 6 days per week, with 54 working hours weekly. Plaintiff was paid $210.00 weekly, plus tips.

37. In this period, Plaintiff was not paid for overtime hours at any rate, not even at the minimum wage rate for tipped employees.

38. 2.- Second Period, from approx. July 01, 2019, to approx. May 17, 2021, or 98 weeks.- Plaintiff worked 6 days per week, an average of 54 hours weekly.  Plaintiff was paid weekly $273.22 with a check, plus $152.00 in cash, totaling $425.22, or $7.88 an hour, which is less than the required minimum wage.

39. Plaintiff worked an average of 54 hours weekly, but she was not paid for overtime hours, as required by law. Thus, in this period, Plaintiff was not paid minimum wages and overtime hours as required by law.

40. During her entire period of employment, Plaintiff worked more than 40 hours weekly, but Defendants did not compensate her for overtime, as required by law.

41. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

42. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

43. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

44. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

45. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.  Accordingly, Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

46. Plaintiff is not in possession of time and payment records. Still, before the completion of discovery, she will provide a good faith estimate of unpaid overtime wages based on her best knowledge. Later, Plaintiff will adjust her statement of claim according to discovery.

47. *Florida's minimum wage is higher than the federal minimum wage. Therefore, as per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid O/T wages:

      Eighteen Thousand Four Hundred Sixty-Seven Dollars and 59/100 ($18,467.59)

    b.  <u>Calculation of such wages</u>:

Total weeks of employment:  153 weeks
Total relevant number of weeks: 153 weeks

**1.- First Period Overtime from June 09, 2018, to June 30, 2019, or 55 weeks**

O/T 2018- 27.5 weeks with 45 working hours
 Florida minimum wage $8.25x 1.5=$12.38 O/T rate -$3.02 O/T credit=$9.36
O/T rate $9.36 x 5 O/T hrs.=$46.80 weekly x 27.5 weeks=$1,287.00

O/T 2019- 27.5 weeks with 54 working hours
 Florida minimum wage $8.46 x 1.5=$12.69 O/T rate - $3.02 O/T credit=$9.67
O/T rate $9.67 x 14 O/T hrs.=$135.38 weekly x 27.5 weeks=$3,722.95

**2.- Second Period Overtime from July 01, 2019, to May 17, 2021, or 98 weeks**
Total relevant weeks: 98 weeks
Total number of working hours: 54 hours weekly
Total number of unpaid O/T hours: 14 O/T hours weekly
Paid: $425.22 weekly: 54 hours=$7.88 an hour

O/T 2019 – 26 weeks with 54 working hours
Florida minimum wage $8.46 x 1.5=$12.69 O/T rate - $3.02 O/T credit=$9.67
O/T rate $9.67 x 14 O/T hrs.=$135.38 weekly x 26 weeks=$3,519.88

O/T 2020 – 52 weeks with 54 working hours
Florida minimum wage $8.56 x 1.5=$12.84 O/T rate-$3.02 O/T credit=$9.82
O/T rate $9.82 x 14 O/T hrs.=$137.48 weekly x 52 weeks=$7,148.96

O/T 2021 – 20 weeks with 54 working hours
Florida minimum wage $8.65 x 1.5=$12.98 O/T rate - $3.02 O/T credit=$9.96
O/T rate $9.96 x 14 O/T hrs.=$139.44 weekly x 20 weeks=$2,788.80

Total Periods # 1 and # 2: $18,467.59

    c.  <u>Nature of wages (e.g., overtime or straight time)</u>:

This amount represents unpaid overtime wages.

48. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

49. At the times mentioned, individual Defendants ARMANDO VALDES and MARISEL VALDES were the owners/partners, and they directed operations of EPICENTRO CAFE. Defendants ARMANDO VALDES and MARISEL VALDES were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of EPICENTRO CAFE LUCERNE BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants ARMANDO VALDES and MARISEL VALDES had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

50. Defendants knew and showed a reckless disregard of the Act's provisions concerning the payment of overtime wages as required by the Fair Labor Standards Act, and Plaintiff and those similarly situated are entitled to recover double damages.

51. Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES willfully and intentionally refused to pay Plaintiff NEREIDA TIRADO overtime wages as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

52. Plaintiff seeks to recover unpaid overtime wages accumulated from hiring to her last day of employment.

53. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NEREIDA TIRADO and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiff NEREIDA TIRADO and other similarly situated and against the Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff NEREIDA TIRADO and those similarly situated demand trial by a jury of all issues triable as of right by jury.

<u>COUNT II:</u>
<u>F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>

54. Plaintiff NEREIDA TIRADO re-adopts every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

55. This action is brought by Plaintiff NEREIDA TIRADO and those similarly situated to recover from the Employers EPICENTRO CAFÉ, ARMANDO VALDES, and MARISEL VALDES unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

56. Defendant EPICENTRO CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

57. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

58. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is

employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

59. Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES employed Plaintiff NEREIDA TIRADO as a non-exempted, full-time, hourly waitress, from 2016, through approximately May 17, 2021, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

60. During the relevant time of employment, Plaintiff was a tipped waitress, and she worked two periods with two different payment methods.

61. During her second period, from approximately July 01, 2019, to May 17, 2021, or 98 weeks, Plaintiff was not paid minimum wages as required by the FLSA.

62. In this period, Plaintiff worked 6 days per week, an average of 54 hours weekly. Plaintiff was paid weekly $273.22 with a check, plus $152.00 in cash, totaling $425.22. This amount divided by 54 hours worked resulted in a regular rate of $7.88 an hour, which is less than the required minimum wage.

63. Plaintiff was a waitress, and she received customarily and regularly tips from customers. However, in this period, the business owner, Armando Valdes, decided to keep the tips as the business' property and forced Plaintiff and other similarly situated individuals to hand over any tips received. Defendants unlawfully collected and retained all the tips made by the tipped employees.

64. As a result, Defendants did not establish a valid tip pooling agreement and wrongfully retained Plaintiff's tips.  Defendants are not entitled to the "tip credit" allowed by law, and they are obligated to pay Plaintiff the full minimum wage for this period.

65. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

66. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

67. The records, if any, concerning the number of hours worked by Plaintiff NEREIDA TIRADO and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

68. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

69. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is higher than federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a.  <u>Total amount of alleged unpaid wages</u>:

        Two Thousand Six Hundred Thirty-three Dollars and 60/100 ($2,633.60)

    b.  <u>Calculation of such wages</u>:

Total weeks of employment: 153 weeks
Relevant weeks of employment: 98 weeks
Total number of hours worked:  54 hours
Wage rate paid: $425.22 weekly: 54 hours= $7.88 an hour
Regular rate paid: $7.88

1.- Minimum wages 2019 – 26 weeks
    Florida minimum wage $8.46 - $7.88 rate paid=$0.58 min. wage difference

    Min. wage diff. $0.58 x 40 hours= $23.20 wkly. x 26 weeks=$603.20

2.- Minimum wages 2020 – 52 weeks
     Florida minimum wage $8.56 - $7.88 rate paid=$0.68 min. wage difference

    Min. wage diff. $0.68 x 40 hours= $27.20 wkly. x 52 weeks=$1,414.40

 3.- Minimum wages 2021 – 20 weeks
    Florida minimum wage $8.65 - $7.88 rate paid=$0.77 min. wage difference

    Min. wage diff. $0.77 x 40 hours= $30.80 wkly. x 20 weeks=$616.00

Total Periods # 1, # 2, and # 3: $2,633.60

c.  <u>Nature of wages:</u>

This amount represents unpaid minimum wages at the Florida minimum wage
 rate.

70. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning
the payment of minimum wages as required by the Fair Labor Standards Act and remain
owing Plaintiff and those similarly-situated these minimum wages since the
commencement of Plaintiff and those similarly situated employee's employment with
Defendants, and Plaintiff and those similarly situated are entitled to recover double
damages.

71. At times mentioned, individual Defendants ARMANDO VALDES and MARISEL
VALDES were the owners/partners, and they directed operations of EPICENTRO CAFE.

Defendants ARMANDO VALDES and MARISEL VALDES were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of EPICENTRO CAFE LUCERNE BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants ARMANDO VALDES and MARISEL VALDES had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

72. Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES willfully and intentionally refused to pay Plaintiff minimum wages, as required by the United States law, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

73.  Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NEREIDA TIRADO and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NEREIDA TIRADO and against the Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff NEREIDA TIRADO and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3);**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS**

74.  Plaintiff NEREIDA TIRADO re-adopts every factual allegation as stated in paragraphs 1-27 of this Complaint as if set out in full herein.

75.  Defendant EPICENTRO CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Cuban restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

76.  Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by handling credit card transactions. In addition, Plaintiff regularly handled and worked on goods and materials that were produced for

commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

77. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

78. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

79. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours over forty at the rate of at least one and one-half times the employee's regular rate…"

80. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

81. Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES employed Plaintiff NEREIDA TIRADO as a non-exempted, full-time, hourly tipped waitress, from 2016, through approximately May 17, 2021, or more than 5 years. However, for FLSA purposes, Plaintiff's relevant time of employment is 153 weeks.

82. During the relevant time of employment, Plaintiff was a waitress, and she worked two periods with two different payment methods.

83. While employed by Defendants, Plaintiff worked as follows:

84. 1.- First Period, from approx. June 09, 2018, to approx. June 30, 2019, or 55 weeks.- Plaintiff worked 27.5 weeks of 5 days with 45 working hours.  Plaintiff was paid $175.00 weekly plus tips.

85. Plaintiff also worked 27.5 weeks of 6 days per week, with 54 working hours weekly. Plaintiff was paid $210.00 weekly, plus tips.

86. In this period, Plaintiff was not paid for overtime hours at any rate, not even at the minimum wage rate for tipped employees.

87. 2.- Second Period, from approx. July 01, 2019, to approx. May 17, 2021, or 98 weeks.- Plaintiff worked 6 days per week, an average of 54 hours weekly.  Plaintiff was paid $425.22 weekly. This amount divided by 54 hours worked resulted in a regular rate of $7.88 an hour, which is less than the required minimum wage.

88. Plaintiff worked 54 hours weekly, but she was not paid for overtime hours.

89. Furthermore, Plaintiff was a waitress, and she received customarily and regularly tips from customers.  However, in this period, the business owner, Armando Valdes, decided to keep the tips as the business' property and forced Plaintiff and other similarly situated individuals to hand over any tips received. Defendants unlawfully collected and retained all the tips made by the tipped employees.

90. As a result, Defendants did not establish a valid tip pooling agreement and wrongfully retained Plaintiff's tips, and they are not entitled to the "tip credit" allowed by law. Defendants are obligated to pay Plaintiff the full minimum wage for this period.

91. Plaintiff did not clock in and out, but Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

92. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

93. Every week Plaintiff was paid without any paystub or record showing the number of days and hours worked, job classification, wage rate, tips received, employment taxes withheld, etc.

94. Plaintiff was not in agreement with the retention of tips and lack of payment for overtime hours.  Several times she complained, and she clearly expressed her big disappointment and frustration regarding the retention of tips and lack of payment for overtime hours.

95. These complaints constituted protected activity under 29 U.S.C. 215(a)(3).

96. As a result, on or about May 17, 2021, Manager Gladys Jaime unfairly fired Plaintiff. Manager Gladys Jaime mistreated and humiliated Plaintiff in front of customers.  Plaintiff states that Defendants used a pretext to terminate her, but that the real reason for Plaintiff's termination was her complaints about missing tips and overtime payment.  Additionally, Plaintiff alleges that Defendants used audio-video surveillance equipment to spy on the conversations of all their employees.

97. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

98. The termination of Plaintiff NEREIDA TIRADO by the Defendants was directly and proximately caused by unjustified retaliation against Plaintiff because she complained about missing tips, and missing payment for overtime hours, in violation of the FLSA.

99. Moreover, Plaintiff's termination came just in temporal proximity immediately after Plaintiff participated in protected activity.

100.    At times mentioned, individual Defendants ARMANDO VALDES and MARISEL VALDES were the owners/partners, and they directed operations of EPICENTRO CAFE.

Defendants ARMANDO VALDES and MARISEL VALDES were the employers of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of EPICENTRO CAFE LUCERNE BAKERY concerning its employees, including Plaintiff and others similarly situated. Defendants ARMANDO VALDES and MARISEL VALDES had financial and operational control of the business, provided Plaintiff with her work schedule, and they are jointly and severally liable for Plaintiff's damages.

101.    Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES willfully and maliciously retaliated against Plaintiff NEREIDA TIRADO by engaging in a retaliatory action that was materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiff from exercising her rights under 29 U.S.C. 215(a)(3).

102.    The motivating factor which caused Plaintiff NEREIDA TIRADO to be fired from the business, as described above was her complaints about the unlawful retention of tips and missing payment for overtime hours. In other words, Plaintiff would not have been fired, but for her complaints about tips and overtime wages.

103.    Defendants' adverse actions against Plaintiff NEREIDA TIRADO were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

104.    Plaintiff NEREIDA TIRADO has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NEREIDA TIRADO respectfully requests that this Honorable Court:

A.  Enter judgment declaring that the firing of Plaintiff NEREIDA TIRADO by Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES, was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B.  Enter judgment against Defendants EPICENTRO CAFE, ARMANDO VALDES, and MARISEL VALDES, awarding Plaintiff NEREIDA TIRADO liquidated damages in an amount equal to the amount awarded as consequential damages;

C.  For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D.  Enter judgment awarding Plaintiff reasonable Attorney's fees and costs of this suit; and

E.  Grant such other and further relief as this Court deems necessary and proper.

<u>JURY DEMAND</u>

Plaintiff NEREIDA TIRADO demands trial by a jury of all issues triable right by a jury.

Dated:  July 22, 2021

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*